James E. O'NEIL, in his capacity
as Attorney General of
Rhode Island

v.

James J. MALACHOWSKI, in his capacity as Administrator of the Division
of Public Utilities and Carriers.

No. 91–450–M.P.

Supreme Court of Rhode Island.

March 24, 1992.

James E. O'Neil, Atty. Gen., Julio C. Mazzoli, Asst. Atty. Gen., for plaintiff.

William J. McGair, McGair & McGair, Adrienne Southgate, PUC, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us pursuant to a statutory petition for certiorari filed by the Attorney General in accordance with G.L. 1956 (1990 Reenactment) § 39–5–1. The petition seeks to review a decision of the Public Utilities Commission (commission) that denied the Attorney General's motion for rejection of a surcharge tariff filed by the Providence Water Supply Board (PWSB) in order to reimburse the city of Providence for advances made by it to the PWSB in the amount of $5,020,927.56. According to the testimony submitted, the PWSB had encountered areas of revenue shortfall generated by meter sales and also from under-collection of customer-service charges in fiscal years 1989, 1990, and 1991. These and other revenue shortfalls resulted in the PWSB's collecting less moneys than authorized by the commission pursuant to the rate filings considered by the commission in docket No.1900.

The surcharge was assessed on all retail and wholesale PWSB customers at the rate of eight cents per 100 cubic feet of water billed commencing September 1, 1991, representing a rate increase of approximately fifteen percent for a residential customer utilizing 150,000 gallons of water per year.

In denying the Attorney General's motion to reject the proposed surcharge, the commission relied upon the provisions of G.L.1956 (1990 Reenactment) § 39–3–11.1, which reads in pertinent part as follows:

"(a) Notwithstanding any other provisions of this chapter, the commission shall not have the power to suspend the taking effect of any change in the rates * * * [of] any public waterworks * * * when the change or changes are pro-

posed to be made solely for the purpose of making payments or compensation to any city or town for reimbursement of any loans or advances of money previously issued to any public waterworks * * *. [T]he [new] rate schedule shall be published in a newspaper of general circulation in the service area by the waterworks * * * at least ten (10) days prior to the effective date thereof."

This court has held in *Audubon Society of Rhode Island v. Malachowski,* 569 A.2d 1 (R.I.1990), and *In re Woonsocket Water Department,* 538 A.2d 1011 (R.I. 1988), that the foregoing statute exempts a publicly owned water authority or department from the ban on retroactive ratemaking normally applied in respect to privately owned public utilities. This rule against retroactive ratemaking protects the public by ensuring that present customers do not pay for past revenue losses in their current payments. It prevents a privately owned company from employing future rates as a means of ensuring its stockholders' investments. *Providence Gas Co. v. Burke,* 475 A.2d 193, 196 (R.I.1984); *Narragansett Electric Co. v. Burke,* 415 A.2d 177, 178–79 (R.I.1980). However, we stated unequivocally in *Audubon Society* and *Woonsocket Water Department* that the concern relating to privately owned companies does not apply to a publicly owned utility. "Those revenues that the water utility cannot recover from the users, the city provides through taxes, not voluntary investors. This diminishes the fairness argument." *In re Woonsocket Water Department,* 538 A.2d at 1014–15. We went on to note that § 39–3–11.1(a) specifically provides for retroactive application. 538 A.2d at 1015.

However, in the case at bar, the Attorney General argues that even though retroactive ratemaking is specifically authorized by statute, the thirty-day notice provision is still applicable and would be violated by allowing these rates to be billed retroactively in such a manner as to preclude the possibility that a water customer might modify the consumption of water in light of the surcharge. The Attorney General argues that although the PWSB's proposed surcharge was effective September 1, 1991, thirty days from the filing of its petition on August 1, 1991, the surcharge was on a billing that, at least initially, was based for the most part on consumption that pre-dated the PWSB's August 1 surcharge filing. In support of this argument the Attorney General properly cites *Providence Gas Co.,* 475 A.2d at 196–97.

Although the principle and the case are properly cited, the Attorney General does not take into account the provisions of § 39–3–11.1 that substantially alter notice requirements as well as the authority of the commission to suspend the rate pending investigation. The Legislature has struck a balance in this situation between reimbursement to taxpayers and protection of the interest of ratepayers that is quite different and distinct from the balance struck between private investors in a public utility and ratepayers. As the commission points out in its brief, the Legislature has accepted the premise that exigent circumstances mandate deferral of commission review of surcharges. Consequently, in light of this clearly expressed legislative intent, we must reject the argument that notice in surcharge filings should conform to notice in general rate cases.

For the reasons stated, the petition for certiorari is denied. The writ heretofore issued is quashed. The order of the Public Utilities Commission is affirmed, and the papers in the case are remanded to that commission with our decision endorsed thereon.